Case Number: COWE-17-002893 Division: 81
Filing # 52335493 E-Filed 02/10/2017 11:13:07 AM

IN THE COUNTY COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CASE NO.:

JACOB JACKSON,

    Plaintiff,

vs.

CARRINGTON MORTGAGE SERVICES, LLC,

    Defendant.
_____/

DATE 2/14/17  TIME 11:25A

INITIAL CC  BADGE# 1487

## SUMMONS

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of the State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Plaintiff's First Set of Interrogatories, Request for Documents and Request for Admissions:

        **CARRINGTON MORTGAGE SERVICES, LLC**
        **by Serving its Registered Agent**
        **CT CORPORATION SYSTEM**
        **1200 S. PINE ISLAND ROAD**
        **PLANTATION. FL 33324**

## IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served upon you to file a written response to the attached Complaint in this Court. A phone call will not protect you. Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).



EXHIBIT Composite A

*FD-3591*

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 2/10/2017 11:13:05 AM.****

If you choose to file a written response yourself, at the same time you can file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the " Plaintiff's Attorney" named below.

Each defendant is required to serve written defenses to the Complaint or petition on Plaintiff's attorney, to-wit:

> SETH WIEDER, ESQ.
> LOAN LAWYERS, LLC.
> 2150 S. Andrews Ave, Second Floor
> Fort Lauderdale, FL 33316
> (954) 523-4357

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED** on _____FEB 10 2017_____, 2017.

CLERK OF THE COURT

By:_____
      Deputy

BRENDA D. FORMAN

FD-3591

IN THE COUNTY COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CASE NO. COCE-17-2893-81

JACOB JACKSON,

        Plaintiff,

vs.

CARRINGTON MORTGAGE SERVICES, LLC,

        Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, JACOB JACKSON, by and through undersigned counsel, and brings this action against the Defendant, CARRINGTON MORTGAGE SERVICES, LLC ("CARRINGTON"), and as grounds thereof would allege as follows:

### JURISDICTION

1. This is an action for damages that are less than $15,000.00, exclusive of attorney's fees, pre-judgment interest and costs. This action is brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). The FDCPA prevents debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. Personal jurisdiction is proper pursuant to the Florida Long-Arm Jurisdiction Statute through the causation of injury in this state caused by acts or omissions outside the state.

3. This Court has jurisdiction pursuant to Florida Statute §34.01 and 15 U.S.C. §1692(k)(d).

4. Venue is proper in this court because Plaintiff, JACOB JACKSON, ["Plaintiff"] is and was a resident of BROWARD County, Florida, and the actions that are the subject of this action accrued in BROWARD County, Florida.

*FD-3591*

## PARTIES

5. At all times material hereto, Defendant was and is a foreign corporation, incorporated under the laws of the State of Deleware and lists its registered agent as CT Corporation System at 1200 S. Pine Island Road, Plantation, FL 33324.

6. At all times material hereto, Defendant regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. At all times material hereto, Plaintiff, was and is a natural persons, and is a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3) and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by violations of the Act.

9. At all times material hereto, the alleged debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

## BACKGROUND AND GENERAL ALLEGATIONS

10. On or about September 22, 2016 Defendant mailed to Plaintiff written correspondence seeking to charge late fees upon Plaintiff's alleged mortgage.

11. Yet prior to September 22, 2016 Defendant or Defendant's predecessor had declared Plaintiff to be in default upon the alleged mortgage debt, accelerated the loan and filed a separate foreclosure action.

12. Defendant had no legal basis to seek to collect the late fees charged within Defendant's September 22, 2016 letter.

13. Defendant sent Plaintiff multiple written communications in regards to the dispute debt at issue in this matter and sent Defendant several other written communications which sought to charge late fees to which Defendant was not owed for the same reasons outlined above.

14. Defendant made other demands upon Plaintiff to pay sums which included improperly charged late fees in the twenty four months prior to the filing of this action.

## COUNT I-VIOLATION OF FDCPA: 15 U.S.C. §1692e

15. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 14.

16. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FDCPA in that Defendant has made a false representation as to the character, amount, or legal status of a debt in contravention of 15 U.S.C. §1692e(2)(a), which states in part that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of --
> (A) the character, amount, or legal status of any debt;
> 15 U.S.C. §1692e(2)(a)

17. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has also violated FDCPA in that Defendant has used false or deceptive means in an attempt to collect a debt in contravention of 15 U.S.C. §1692e(10), which states in part that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
> 15 U.S.C. §1692e(10)

18. Defendant violated 1692e(2)(a) on September 22, 2016 in that Defendant falsely represented in Exhibit "A" that Defendant was entitled to recover late fees upon an alleged debt after Plaintiff was allegedly already in default, when Defendant lacked any legal basis to seek to collect such fees and in doing such thus falsely representing the character, amount and legal status of a debt.

19. Defendant violated 1692e(10) on September 22, 2016 in that Defendant used false representations and deceptive means in an attempt to recover upon an alleged debt, the false

FD-3591

representation and deceptive means being the claims in Exhibit "A" that Defendant was entitled to collect late fees, despite the fact that it lacked any legal basis to do so.

20. Each of the false representations and deceptive means used or made by Defendant in this matter were intentional, yet even if they were accidental, Plaintiff is not required to prove that Defendant's conduct was intentional as the FDCPA is a strict liability statute. See also LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190.

21. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated 15 U.S.C. §1692e(2)(a) and 15 U.S.C. §1692e(10).

22. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

23. Plaintiff has hired Loan Lawyers, LLC, to represent Plaintiff in this action and has agreed to pay a reasonable attorney's fee.

24. Pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover actual damages together with additional statutory damages up to $1,000.00, together with court costs and reasonable attorneys fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

### COUNT II-VIOLATION OF FDCPA: 15 U.S.C. §1692f

25. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 14.

26. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FDCPA in that Defendant has sought to collect fees which were not expressly authorized by contract or permitted by law in contravention of 15 U.S.C. §1692f(1), which states in part that:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*FD-3591*

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
> 15 U.S.C. §1692f(1)

27. Defendant violated 1692f(1) on September 22, 2016 in that Defendant falsely represented in Exhibit "A" that Defendant was entitled to recover late fees upon an alleged debt after Plaintiff was allegedly already in default, when Defendant lacked any legal basis to seek to collect such fees.

28. Defendant's attempt to charge late fees to which it was not entitled were intentional, yet even if they were accidental, Plaintiff is not required to prove that Defendant's conduct was intentional as the FDCPA is a strict liability statute. See also LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190.

29. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated 15 U.S.C. §1692f(1).

30. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

31. Plaintiff has hired Loan Lawyers, LLC, to represent Plaintiff in this action and has agreed to pay a reasonable attorney's fee.

32. Pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover actual damages together with additional statutory damages up to $1,000.00, together with court costs and reasonable attorneys fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

*FD-3591*

## DEMAND FOR JURY TRIAL

Plaintiff, JACOB JACKSON, pursuant to Rule 1.430, Florida Rules of Civil Procedure, hereby demands a trial by jury of all issues so triable.

Dated this 10th day of February, 2017.

Respectfully Submitted,

By: /s/ Seth Wieder
SETH WIEDER, ESQ.
Florida Bar No. 91704
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave, Second Floor
Fort Lauderdale, FL 33316
Telephone:    (954) 523-4357
Facsimile:    (954) 581-2786
seth@fight13.com

*FD-3591*



**CARRINGTON**
MORTGAGE SERVICES

P.O. Box 3489 · Anaheim, CA 92803

Customer Service 1-800-561-4567 Mon - Fri 8:00AM to 8:00PM Eastern Time
Refinance Inquiries 1-888-267-0584 Mon - Fri 9:00AM to 8:00PM Eastern Time
Visit us online at: www.carringtonms.com

OCT 0 5 2016

## Mortgage Statement

| | |
|---|---|
| Statement Date | 09/22/16 |
| Account Number | |
| Property Address | |
| 605 BELMONT LANE | |
| NORTH LAUDERDALE FL 33068 | |
| Payment Due Date | 10/01/16 |
| **Amount Due** | **$108,444.92** |

If payment is received after 10/16/16, a $0.00 late fee will be charged.

0000318  01 MB 0.418  **AUTO  T20957B 33316-343250   -C01-P00218-I  4

JACOB C JACKSON
2150 S ANDREWS AVE 2ND
FT LAUDERDALE  FL 33316-3432

### Account Information

| | |
|---|---|
| Outstanding Principal | $137,915.62 |
| Deferred Balance(s) | N/A |
| Escrow Balance | -$9,274.08 |
| Suspense Balance | $0.00 |
| Negative Amortization Balance* | N/A |
| Interest Rate | 6.375% |
| Maturity Date | 12/01/2034 |
| Modification Date | N/A |
| Prepayment Penalty | No |

### Explanation of Amount Due

| | |
|---|---|
| Principal | $288.07 |
| Interest | $631.16 |
| Escrow (Taxes and/or Insurance)* | $298.04 |
| Other | $0.00 |
| Regular Monthly Payment | $1,217.27 |
| Total Fees Charged | $7,411.51 |
| Overdue Payment | $99,816.14 |
| **TOTAL AMOUNT DUE** | **$108,444.92** |

### Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and/or Insurance)* | $0.00 | $0.00 |
| Fees and Charges | $0.00 | $0.00 |
| Unapplied Funds | $0.00 | $0.00 |
| Total | $0.00 | $0.00 |

*Please see the reverse side of this statement for additional information.

### Delinquency Notice

You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure — the loss of your home. As of 09/22/16, you are 2487 days delinquent on your mortgage.
Recent Account History
  Payment Due 04/01/16: Unpaid balance of $1,217.27
  Payment Due 05/01/16: Unpaid balance of $1,217.27
  Payment Due 06/01/16: Unpaid balance of $1,217.27
  Payment Due 07/01/16: Unpaid balance of $1,217.27
  Payment Due 08/01/16: Unpaid balance of $1,217.27
  Payment Due 09/01/16: Unpaid balance of $1,217.27
Total: $108,444.92 due. You must pay this amount to bring your loan current. If you are experiencing financial difficulty: See back for information about mortgage counseling or assistance.

### Transaction Activity

| Date | Description | Amount | Principal | Interest | Escrow | Late Charge | Suspense | Miscellaneous |
|---|---|---|---|---|---|---|---|---|
| 07/17 | Late Charge-full payment not rec'd by 07/17/16 | $36.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 08/17 | Late Charge-full payment not rec'd by 08/17/16 | $36.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 09/22 | Default Cost Billed | $4,433.95 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

### Special Messages

**Announcing CMS Direct Pay Service!**
We are now able to draft your payments from your checking or savings account automatically every month. The program can save you time and give you peace of mind knowing your monthly mortgage payments are taken care of. Please call our Customer Service department at (800) 561-4567 to see if you qualify.

---

### Payment Coupon

Visit www.carringtonms.com
to make your payment free of charge today!

JACOB C JACKSON
2150 S ANDREWS AVE 2ND
FT LAUDERDALE  FL 33316



CARRINGTON MORTGAGE SERVICES LLC
PO BOX 79001
PHOENIX AZ 85062-9001

| Loan Number | Payment Due Date | Amount Due |
|---|---|---|
| | 10/01/16 | $108,444.92 |
| **Late Charge** | **If Received After** | **Late Payment Amount** |
| $0.00 | 10/16/16 | $108,444.92 |

### Additional Amounts Remitted

| | |
|---|---|
| Principal | $_____ |
| Escrow | $_____ |
| Late Charge | $_____ |
| Other | $_____ |
| Total Remitted | $_____ |

**EXHIBIT A**