UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:17-cv-60516-CMA

JACOB JACKSON,

    Plaintiff,

vs.

CARRINGTON MORTGAGE SERVICES, LLC,

    Defendant.

_____/

**SECOND RENEWED MOTION FOR SUMMARY JUDGMENT
WITH INCORPORATED MEMORANDUM OF LAW**

**I. INTRODUCTION/SUMMARY OF ARGUMENT**

This lawsuit makes no sense. Plaintiff Jacob Jackson brings suit under the Fair Debt Collection Practices Act (**FDCPA**) asserting Carrington Mortgage Services, LLC (**Carrington**) improperly attempted to collect late fees on his mortgage loan—but late fees are expressly authorized by the loan agreement. Under *Antione v. Carrington Mortgage Services, LLC*, No. 17-cv-61216, 2017 WL 3404389 (S.D.Fla. Aug. 8, 2017) there is no FDCPA violation. No triable issue of fact exists because no violation has occurred. The Court should enter summary judgment in favor of Carrington pursuant to Federal Rule of Civil Procedure 56.[1]

**II. BACKGROUND**

Plaintiff Jacob C. Jackson executed a $147,343.00 promissory note in favor of Equity Financial Group, Inc. in November 2004. (56.1 Statement, ¶ 1.) The note is secured by a mortgage encumbering Mr. Jackson's property in Broward County, Florida. (*Id.*)

---

[1] This motion and incorporated memorandum of law is supported by the accompanying Local Rule 56.1 Statement of Material Facts. [ECF No. 32.]

Paragraph 4 of the note requires Mr. Jackson to make monthly payments of principal and interest in the amount of $919.23 on the first day of every month through December 1, 2034—or until the loan is paid off in full. (56.1 Statement, ¶ 1.) Paragraph 6(A) of the note authorizes the imposition of a 4.000% late charge if a full payment is not received by fifteenth day of the month in which it is due. (*Id*.) Four percent of $919.23 is $36.76.

In the event of a default in Mr. Jackson's monthly payment obligations, paragraph 6(B) authorizes acceleration of the full outstanding loan balance. (56.1 Statement, ¶ 1.) But, even in the event of an acceleration, under Paragraph 10 of the mortgage Mr. Jackson retains the ability to reinstate his mortgage loan by "tender[ing] in a lump sum all amounts required to bring [his] account current . . . [and] [u]pon reinstatement by [Mr. Jackson], [the mortgage] and the obligations that is secures shall remain in effect as if Lender had not required immediate payment in full." (56.1 Statement, ¶ 2.) Mr. Jackson defaulted on his mortgage loan, and an acceleration was declared, sometime prior to September 2016. (56.1 Statement, ¶ 3.)

Carrington sent a monthly mortgage statement to Mr. Jackson, dated September 22, 2016. (56.1 Statement, ¶ 4.) The statement mentions late fees of $36.76 were incurred for July and August 2016 in which no payments were made. (*Id*.) It is undisputed Mr. Jackson did not make any payments in July or August 2016. Mr. Jackson commenced this action in state court in February 2017. Carrington filed notice of removal to this Court on March 13, 2017.

### III. LEGAL ANALYSIS

Mr. Jackson asserts two counts under the FDCPA. His first count asserts Carrington violated 15 U.S.C. § 1692e(2)(a) by falsely representing the character of a debt by seeking to collect late fees when Carrington lacked any legal basis to do so. (Compl. ¶ 18.) This count further asserts Carrington violated 15 U.S.C. § 1692e(10) by using false and deceptive means to collect late fees when Carrington had no legal basis to do so. (Compl. ¶ 19.) The second count asserts Carrington violated 15 U.S.C. § 1692f(1) by falsely representing Carrington was entitled to recover late fees when Carrington lacked any legal basis to do so. (Compl. ¶ 27.) None of these allegations have merit.

**A.      Legal Standard.**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial." *International Stamp Art v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006).

"If the non-moving party fails to make a sufficient showing as to any essential element of his case on which he has the burden of proof, the moving party is entitled to summary judgment as a matter of law. Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record." *Bradley v. Pfizer, Inc.*, 440 Fed. Appx. 805, 807 (11th Cir. 2011) (internal citations omitted).

B.      **Monthly Statements are Not Debt Collection Activity.**

"To prevail on a claim under the FDCPA, the plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."  *Calarese v. Bayview Loan Servicing, LLC*, No. 17-cv-60747, 2017 WL 3267932, at *2 (S.D.Fla. Jul. 31, 2017).  Mr. Jackson cannot prevail on either count of the complaint because monthly account statements are not debt collection activity.

Periodic account statements are required under the Truth in Lending Act (**TILA**) for each billing cycle.  12 C.F.R. § 1026.41(a)(2).  Because Mr. Jackson's loan was delinquent as of September 2016, the monthly statement at issue here was required to informed him of "[t]he total payment amount needed to bring the account current."  12 C.F.R. § 1026.41(d)(8)(vi).  It also was required to informed him of "[t]he amount of any late payment fee, and the date on which that fee will imposed if payment has not been received."  12 C.F.R. § 1026.41(d)(1)(ii).  These requirements continue post-commencement of foreclosure proceedings and even after entry of a foreclosure judgment.  *See Hill v. DLJ Mortg. Cap., Inc.*, No. 15-cv-3083, 2016 WL 5818540, *9 n.14 (E.D.N.Y. Oct. 5, 2016) ("[U]ntil the amounts due under the Foreclosure Judgment were satisfied from the proceeds of the foreclosure sale, Selene was required to provide the periodic mortgage statements required by Regulation Z.").

Because Carrington "is required by federal law, specifically Federal Truth in Lending Act . . . to send mortgage statements to plaintiff . . . Plaintiff cannot state a claim under the FDCPA with respect to the monthly mortgage statements sent pursuant to federal law."  *Antione*, 2017 WL 3404389 (quoting, *Brown v. Select Portfolio Servicing, Inc.*, No. 16-cv-62999, 2017 WL 1157253, at *2 (S.D.Fla. Mar. 24, 2017)).  In reaching that conclusion, the *Brown* court relied

upon a Consumer Financial Protection Bureau (**CFPB**) October 2013 bulletin.  The CFPB determined that the servicing rule provisions requiring a servicer to provide borrowers with a periodic mortgage statement for each billing cycle under 12 C.F.R. § 1026.41 . . .

> are specifically mandated by the Dodd-Frank Wall Street Reform and Consumer Protection Act . . . which makes no mention of their potential cessation under the FDCPA and presents a more recent and specific statement of legislative intent regarding th[o]se disclosures than does the FDCPA[,] . . . [and] that th[o]se notices provide useful information to consumers regardless of their collections status.

*Implementation Guidance for Certain Mortgage Servicing Rules*, 10152013 CFPBGUIDANCE, 2013 WL 9001249 (C.F.P.B. Oct. 15, 2013).

It is for this reason that "[s]tatements of account are not debt collection activity; rather, they are normal incidents of loan servicing."  *Bohringer v. Bayview Loan Servicing, LLC*, 141 F. Supp. 3d 1229, 1242 (S.D.Fla. 2015); *see also Hill*, 2016 WL 5818540 at *9 ("[M]erely sending plaintiff the periodic mortgage statements that it was required to send to her under the TILA . . . for informational purposes while the amounts due under the Foreclosure Judgment remain unsatisfied pending the sale of the Property; [was] not in connection with an attempt to collect a debt from plaintiff for purposes of the FDCPA."); *Goodin v. Bank of America, N.A.*, 114 F. Supp. 3d 1197, 1206 (M.D.Fla. 2015) ("A regular bank statement sent only for informational purposes is also not an action in connection with the collection of a debt.").

The September 2016 monthly statement at issue here was sent pursuant to Carrington's obligation under TILA.  The statement is nearly verbatim identical in content and form to the sample monthly statement provided by the CFPB.  (*Compare* Compl., Exh A. *with* H-30(B) Sample Form of Periodic Statement with Delinquency Box.)[2]  It was not an attempt to collect any debt and no FDCPA liability can attach for its transmission.

---

[2] The sample form is found in Appendix H to Part 1026—Closed-End Model Form and Clauses.  A copy of Model Form H-30(b) is attached as **Exhibit A** for ease of reference of the Court.

### C.     Late Fee Disclosure Does Not Violate the FDCPA.

Mr. Jackson asserts Carrington violated 15 U.S.C. §§ 1692e(2)(a),(10) by falsely misrepresenting the character, amount, and legal status of the late fees, and using a false representation and deceptive means to collect late fees and violated 15 U.S.C. § 1692f(1) by seeking to collect a late fee without legal basis to do so.  The latter prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  These allegations are defeated on the face of the note—even assuming the monthly periodic statement was debt collection activity.

Paragraph 4(C) of the note provides Mr. Jackson will make a monthly payment of $919.23 on the first day of every month.  Paragraph 6(A) of the note provides that if the payment is not received in full by the fifteenth day of the month, "Lender may collect a late charge in the amount of Four percent (4.000%) of the overdue amount of each payment."  Four percent of $919.23 is $36.76—the exact amount of the late fee mentioned on the monthly statement for failing to make a payment in the two preceding months.  (Compl., Exh A.)  There is nothing false, misleading, or deceptive about the statement.  Carrington has a clear legal basis to assert late fees were due when Mr. Jackson indisputably failed to make timely payments.

Mr. Jackson appears to believe Carrington was wrong to mention late fees on his September 2016 monthly statement because the loan was accelerated.  (Compl. ¶ 11.)  This overlooks the function of a monthly statement.  Because Mr. Jackson's loan was delinquent as of September 2016, the monthly statement was required to inform him of "[t]he total payment amount needed to bring the account current." 12 C.F.R. § 1026.41(d)(8)(vi).  Paragraph 10 of the mortgage provides that to bring the loan current Mr. Jackson must "tender in a lump sum all amounts required to bring the [his] account current . . .  [and] [u]pon reinstatement by [Mr.

Jackson], [the mortgage] and the obligations that is secures shall remain in effect as if Lender had not required immediate payment in full."  The payment amount needed to bring the loan current is the amount that would be due as if the loan was not accelerated.  Acceleration is ignored for purposes of this calculation.

When a mortgage loan contains a post-acceleration reinstatement provision monthly statements can include post-acceleration late fees.  This is because "[t]he clause 'as if not acceleration had occurred' gives a noteholder the legal right to treat the note as if it had not been accelerated for purposes of reinstatement."  *Patel v. Seterus, Inc.*, 14-cv-1585, 2015 WL 13547010, at*4 (M.D.Fla. Jun. 19, 2015).  "Thus, Defendant had a contractual and legal right to require payment of post-acceleration late fees if Plaintiffs reinstated the loan.  Consequently, so long as Plaintiffs still retained the right to reinstate, attempts to collect post-acceleration late fees were not unlawful."  *Id*.  This Court followed the *Patel* reasoning in *Antoine* which held, citing the same late fee and reinstatement provisions that "because the terms of the subject note and mortgage authorized the collection of post-acceleration late fees for overdue payments, including after acceleration . . . Defendant had a contractual and legal right to include those late fees in the monthly mortgage statement(s) at issue and their inclusion would not have violated the FDCPA."  *Antoine*, 2017 WL 2017 WL 3404389, at *2.

The monthly statement informed Mr. Jackson of the amount due as if his loan were not accelerated.  It properly informs him that late charges need be paid for every month a full payment was not made in order to bring the account current.  Mr. Jackson indisputably did not make any payment in the two preceding months.  The statement properly mentioned a late fee of $36.76 for each of those months.

## IV. CONCLUSION

Mr. Jackson has no cause of cause of action on the grounds Carrington correctly informed him late fees were accruing on his account as part of the amount necessary to be paid to bring the account current. Nor is sending monthly statements as incidents of servicing debt collection activity. Carrington is entitled to summary judgment. Carrington requests this Court enter an order: **(i)** granting Carrington summary judgment on all counts of the complaint; and **(ii)** awarding Carrington such other and further relief the Court deems just and proper.

    Respectfully Submitted,

*/s/ Eric M. Levine*
Marc J. Gottlieb/Florida Bar No. 827819
**primary email: marc.gottlieb@akerman.com**
**secondary email: joyce.gutierrez@akerman.com**
Eric M. Levine/Florida Bar No. 64357
**primary email: eric.levine@akerman.com**
**secondary email: elisa.waites@akerman.com**
**AKERMAN LLP**
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

*Counsel for Carrington Mortgage Services, LLC*

-9-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of foregoing was served the CM/ECF system on August 21, 2017, on all counsel or parties of record on the below Service List.

*/s/ Eric M. Levine*

## SERVICE LIST

Anthony C. Norman, Esq.
Loan Lawyers, LLC
2150 S. Andrews Ave., Second Floor
Fort Lauderdale, FL 33316
anthony@fight13.com
***Counsel for Jacob Jackson***