UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-CV-60516-CMA

JACOB JACKSON,

       Plaintiff,

vs.

CARRINGTON MORTGAGE SERVICES, LLC,

       Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND RENEWED MOTION FOR SUMMARY JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, JACOB JACKSON, ("Plaintiff"), hereby responds in opposition to the *Second Renewed Motion for Summary Judgment with Incorporated Memorandum of Law* [D.E. 31] (the "Motion for Summary Judgment") filed by Defendant, CARRINGTON MORTGAGE SERVICES, LLC ("Carrington"), and respectfully requests this Honorable Court enter an Order denying the Defendant's Motion for Summary Judgment. In support, Plaintiff states the following:

**Introduction**

The Complaint filed in this action tells the story of a loan servicer charging and attempting to collect late fees from a borrower for which the loan servicer does not have a legal basis to charge.

**Memorandum of Law**

**A. Monthly Statements are Attempts to Collect a Debt**

Carrington's first argument for summary judgment is that the sending of monthly billing statements does not constitute debt collection under the FDCPA. The FDCPA is a strict liability

statute, and therefore, does not require a showing of intentional conduct on the part of a debt collector. *Russell v. Equifax A.R.S.*, 74 F. 3d 30, 33 (2nd Cir. 1996). The Eleventh Circuit applies the "least sophisticated consumer" standard in determining whether a communication is an attempt to collect a debt. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010). " 'The least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* citing *Colomon v. Jackson*, 988 F. 2d 1314, 1319 (2nd Cir. 1993). Thus, the question of whether a communication is an attempt to collect a debt is viewed from the lens of the least sophisticated consumer, not whether the offending party was intending to collect a debt. "The Eleventh Circuit has also noted that 'courts should look to the language of the letters in question, specifically to statements that demand payment [and] discuss additional fees if payment is not tendered….'" *McCamis v. Servis One, Inc.*, 2016 WL 4063403 (M.D. Fla. July 29 2016) quoting *Pinson v. Albertelli Law Partners LLC*, 618 Fed.Appx. 551, 553 (11th Cir. 2015) (affirming the District Court's order dismissing plaintiff's amended complaint with respect to the August 13 letter, but reversing the order with respect to the two December 24 letters as communications sent in connection with the collection of a debt). Additionally, "[a] demand for payment need not be express." *Id*. "An implicit demand for payment [may exist] where the letter states the amount of the debt, describes how the debt may be paid, provides the phone number and address to send payment, and expressly states that the letter is for the purpose of collecting debt." *Id.* In *McCamis*, the Court concluded that the mortgage statements attached to the complaint constituted an attempt to collect a debt because each statement (1) listed an Amount Due and payment due date, (2) included a payment coupon with payment instructions, and (3) included a Delinquency Notice. *Id*.

So, the question in the instant case is whether the least sophisticated consumer could believe the mortgage statement at issue is an attempt to collect a debt, not whether Carrington's subjective intent was to collect the debt when it sent the statement. If the least sophisticated consumer would believe that it is an attempt to collect a debt, then it meets the definition of debt collection under the FDCPA. The monthly mortgage statement attached as an exhibit to Plainitiff's complaint includes (1) an Amount Due of $108,444.92 and the payment due date of 10/01/16; (2) a payment coupon with instructions on where the Plaintiff can make payment which includes Carrington's mailing address and web address; and (3) a Delinquency Notice stating "You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure – the loss of your home." *See* Monthly Statement (Ex. A to Compl.). The language in the Monthly Statement sent by Carrington is exactly what the Eleventh Circuit and other District Courts in Florida consider to be a communication attempting to collect a debt and in violation of the FDCPA. It has all of the halmarks that the least sophisticated consumer would believe is an attempt to collect a debt. Therefore, there is a question of material fact that must be resolved by a trier of fact and Carrington's Motion for Summary Judgment should be denied.

### B. Late Fees are a Violation of the FDCPA under Florida Law

Carrington further argues that the Subject Note and Mortgage authorize Carrington to collect late fees. Carrington cites the Subject Note which states, "If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(c) of this Note by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of four percent (4.000%) of the overdue amount of each payment." This provision does not give Carrington the authority to collect a late charge *after acceleration*. Once

3

Carrington elected to accelerate the loan, it declared that the entire loan is due and payable and thus monthly payments were no longer due. There was no legal basis for Carrington to continue to charge monthly late fees for monthly payments that were not due post-acceleration. Florida law does not allow for monthly accruing late fees once a loan has been accelerated because there is no longer any monthly payment that is due. In *Fowler v. First Federal Sav. & Loan*, 643 So. 2d 30, 33 (Fla. 1st DCA 1994), the promissory note had similar language as our instant case stating, "A late charge of 5% of any monthly installment not received by the bank within fifteen days after the installment is due." The Court held that the bank was only entitled to late charges that accrued *up until the day the note was accelerated* and that the late charges should not have continued to accrue on the delinquent monthly payments pursuant to Florida law. *Id.* Carrington was simply not authorized under Florida law to bill Plaintiff for a monthly late fee once they chose to accelerate the loan because there was no longer any monthly payment due.

Carrington goes on to state that late charges are allowed in connection with the reinstatement of the Subject Loan and cites *Patel v. Seterus, Inc.*, 2015 WL 13547010 (M.D. Fla. June 19, 2015) to substantiate their argument. In *Patel*, the court ruled that Seterus, Inc. had a contractual and legal right to require payment of post-acceleration late fees if Plaintiff reinstated the loan. *Id*. However, the order is of limited value in that there is no indication that the District Court analyzed the issue from the perspective of the Eleventh Circuit's "least sophisticated consumer" standard. Thus, the court's analysis is not binding, nor persuasive, given that it does not address the issue from this perspective. Carrington's monthly mortgage statement would not, as a matter of law, lead the least sophisticated consumer to believe that the late fee charge of $36.76 would only be due if the borrower reinstates the loan. There is nothing contained in the mortgage statement which could lead the least sophisticated consumer to believe that he is NOT

4

being charged a late fee unless he desires to reinstate.  In fact, the opposite is true.  Specifically, Carrington's monthly mortgage statement includes two entries and states, "07/17 Late Charge-full payment not recv'd by 07/17/16 amount $36.76 and 08/17 Late Charge-full payment not recv'd by 08/17/16 amount $36.76."  Looking at this language from the least sophisticated consumer, how is the borrower supposed to know that they will only pay these late fees if they reinstate their loan?  If there is any chance that the least sophisticated consumer would view this late fee charge as due now, and not upon reinstatement, as now argued by Carrington but not reflected in the statement, then the motion must be denied.  Again, when looking at Carrington's monthly mortgage statement the Court must look at the monthly mortgage statement from the view of the least sophisticated consumer.  In order to prevail on this summary judgment motion, Carrington would have to show that, as a matter of law, the least sophisticated consumer would definitely know that the late charge would only be due upon reinstatement.  Given that there is no language in the statement to that effect, there is a question of material fact that must be resolved by a trier of fact and Carrington's Motion for Summary Judgment should be denied.

**WHEREFORE**, Plaintiff respectfully requests this Court deny Carrington's Motion for Summary Judgment and for such other relief as the Court deems just and proper.

              Respectfully submitted,

              /s/ *Anthony C. Norman*
              Anthony C. Norman, Esq.
              Florida Bar Number: 112105
              LOAN LAWYERS, LLC
              *Attorneys for Plaintiff*
              2150 S. Andrews Ave., 2nd Floor
              Fort Lauderdale, FL 33316
              Telephone:    (954) 523-4357
              E-Mail: anthony@fight13.com
              Secondary E-mail: traci@fight13.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed on September 5, 2017 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Eric M. Levine, Esq.
Akerman, LLP
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, FL 33301
*Counsel for Defendant*
Service by CM/ECF

                                        LOAN LAWYERS, LLC
                                        *Attorneys for Plaintiff*
                                        2150 S. Andrews Ave., 2nd Floor
                                        Fort Lauderdale, FL 33316
                                        Telephone:     (954) 523-4357
                                        Facsimile:      (954) 581-2786

                                        /s/ *Anthony C. Norman*
                                        Anthony C. Norman, Esq.
                                        Florida Bar Number: 112105
                                        E-Mail: anthony@fight13.com