UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60516-CIV-ALTONAGA/O'Sullivan

JACOB JACKSON,

    Plaintiff,
v.

**CARRINGTON MORTGAGE SERVICES, LLC**,

    Defendant.
_____/

# ORDER

**THIS CAUSE** came before the Court on Defendant, Carrington Mortgage Services, LLC's Second Renewed Motion for Summary Judgment ("Motion") [ECF No. 31], submitted contemporaneously with its Statement of Undisputed Material Facts ("SMF") [ECF No. 32] on August 21, 2017. Plaintiff, Jacob Jackson, submitted a Memorandum of Law in Opposition ("Response") [ECF No. 33] and Response to Carrington's Purported Statement of Undisputed Material Facts ("SMF Response") and additional Plaintiff Statement of Material Facts ("Plaintiff SMF") [ECF No. 34], to which Defendant filed a Reply [ECF No. 35]. The Court has carefully considered the briefing and attached exhibits, the record and applicable law.

## I.  BACKGROUND

On February 10, 2017, Plaintiff filed a two-count Complaint [ECF No. 1-2] in state court against Defendant for money damages based on alleged violations of the Federal Debt Collection Practices Act ("FDCPA"). Defendant removed the case on March 13, 2017. (*See* Notice of Removal [ECF No. 1]). Plaintiff's first count alleges Defendant attempted to collect late fees on Plaintiff's mortgage loan without a legal basis and by using false and deceptive means, in

violation of 15 U.S.C. section 1692e. (*See* Compl. ¶¶ 16–24). The second count alleges Defendant falsely represented Defendant was entitled to recover late fees, in violation of 15 U.S.C. section 1692f(1). (*See id.* ¶¶ 25–32).

In November 2004, Plaintiff executed a $147,343.00 promissory note to secure a mortgage on his property in Broward County, Florida. (*See* SMF ¶¶ 1–2 (citation omitted)). Paragraph 4 of the note requires Plaintiff to make monthly payments of principal and interest in the amount of $919.23 on the first day of every month through December 1, 2034 — or until the loan is paid off in full. (*See id*. (citing SMF, Ex. 1, Certified Copy of Note and Mortgage [ECF No. 32-1] ¶ 4). Paragraph 6(A) of the note authorizes a four percent late charge if full payment is not received by the 15th of the month. (*See id.* (citation omitted)). In the event of a default on Plaintiff's monthly payments, the note authorizes acceleration of the full outstanding loan balance. (*See id*. (citation omitted)). Paragraph 10 of the note allows Plaintiff the ability to reinstate the mortgage loan after acceleration by paying the amount required to bring the account current. (*See id*. ¶ 2 (citation omitted)).

Plaintiff defaulted on his mortgage loan, and the mortgage loan was accelerated some time prior to September 2016. (*See id*. ¶ 3 (citation omitted)). Defendant sent a written communication to Plaintiff dated September 22, 2017, which listed two late fee charges of $36.76 from July 17, 2016 and August 17, 2016. (*See id*. ¶ 4 (citation omitted); SMF Resp. ¶ 4 (citing Compl., Ex. A, Mortgage Statement [ECF No. 1-2] 9)). The communication stated, "[y]ou are late on your mortgage payments. Failure to bring you[r] loan current may result in fees and foreclosure – the loss of your home." (Pl. SMF ¶ 4 (alterations added; citation omitted)). Plaintiff filed the Complaint following receipt of this written communication, alleging

2

Defendant violated the FDCPA by improperly attempting to collect late fees after Plaintiff defaulted on his mortgage. (*See generally* Compl.)

On April 10, 2017, Defendant filed a Motion for Summary Judgment [ECF No. 13] and Statement of Material Facts [ECF No. 14]. That same day, the Court entered an Order [ECF No. 20] denying the Motion without prejudice in order to allow time for discovery. Defendant filed a Renewed Motion for Summary Judgment [ECF No. 22] and Statement of Facts [ECF No. 23] on May 24, 2017. The Court denied the Renewed Motion without prejudice on June 2, 2017, to be refiled once Plaintiff furnished outstanding discovery. (*See* Order [ECF No. 25]). On August 21, 2017, after the close of the discovery period, Defendant filed this Motion with its SMF.

## II. LEGAL STANDARD

Summary judgment may only be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

At summary judgement, the moving party bears the initial burden of identifying "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any which it believes demonstrate the absence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (alterations, internal quotation marks, other

citation omitted)). If "the moving party fails to demonstrate the absence of a genuine issue of material fact, the motion should be denied." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (citations omitted).

### III. ANALYSIS

Plaintiff seeks relief under two provisions of Title 15 of the United States Code: sections 1692e and 1692f. Section 1692e generally prohibits debt collectors from using "any false, deceptive, or misleading representation . . . in connection with the collection of any debt." 15 U.S.C. § 1692e (alteration added). In Count I, Plaintiff points to two subsections in section 1692e Defendant allegedly violated: 1692e(2)(A), which prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt[,]" 15 U.S.C. § 1692e(2)(A) (alterations added); and 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* § 1692e(10) (alteration added); (*see also* Compl. ¶¶ 16–24). In Count II, Plaintiff alleges a violation of section 1692f(1), which prohibits "the collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1) (alteration added); (*see also* Compl. ¶¶ 25–32).

To state a claim under the FDCPA, Plaintiff must show: (1) he has been the target of collection activity arising from a consumer debt; (2) Defendant is a debt collector; (3) the challenged conduct is related to debt collection; and (4) Defendant has engaged in an act or omission prohibited by the FDCPA. *See Bohringer v. Bayview Loan Servicing, LLC*, 141 F. Supp. 3d 1229, 1234 (S.D. Fla. 2015); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012).

1. **Debt Collector**

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Defendant does not challenge Plaintiff's assertion Carrington acted as a "debt collector" under the definition of the FDCPA. (*See generally* Mot.). Furthermore, the Statement of Material Facts contains sufficient undisputed facts to determine Carrington acted as a "debt collector." (*See generally* SMF).

2. **Collection Activity**

A debt collector must be engaged in activity "in connection with the collection of any debt" in order to be liable for a violation under the FDCPA. 15 U.S.C. § 1692e. "[T]he Eleventh Circuit has not established a bright-line rule" as to what qualifies as "'in connection with the collection of any debt.'" *Dyer v. Select Portfolio Servicing, Inc.*, 108 F. Supp. 3d 1278, 1280 (M.D. Fla. 2015) (alteration added). However, the Eleventh Circuit recently provided some guidance relevant to this case in *Pinson v. Albertelli Law Partners LLC*, 618 F. App'x 551, 553–54 (11th Cir. 2015), when it found two letters lacking an express demand for payment were nevertheless issued in connection with the collection of a debt because the demands were implicit.

Defendant asserts its September 22, 2016 communication to Plaintiff is not considered debt collection activity because it is required to send mortgage statements to Plaintiff under the Federal Truth in Lending Act ("TILA"). (*See* Mot. 4-5); *see also* 12 C.F.R. § 1026.41(a)(2). That point takes the Defendant only so far. In *Pinson*, the Eleventh Circuit stated "[a]

5

communication can have more than one purpose, for example, providing information to a debtor as well [as] collecting a debt." *Pinson*, 618 F. App'x. at 553 (alterations added; citations omitted). *Cf. Antoine v. Carrington Mortg. Servs., LLC*, No. 17-cv-61216, 2017 WL 3404389, at *2 (S.D. Fla. Aug. 8, 2017) (finding plaintiff failed to state a claim under the FDCPA because monthly statements sent pursuant to federal law did not constitute debt collection) (citations omitted).

The *Antoine* decision, involving Plaintiff's counsel and relied on here by the same Defendant Carrington (*see* Mot. 1; Reply 4–5), is distinguishable from this case in two important respects. First, the *Antoine* court noted the contract between the mortgagee and mortgagor in that case specifically permitted the inclusion of debt collection language. *Antoine*, 2017 WL 3404389 at *2. Second, the *Antoine* court relied upon *Brown v. Select Portfolio Servicing, Inc.*, No. 16-62999-CIV, 2017 WL 1157253, at *2 (S.D. Fla. Mar. 24, 2017). The mortgage statements at issue in *Brown* did not "contain[] more than the content mandated by TILA" or "'debt collection language,'" *id.* at *3–4 (alteration added), which is not the case here.

Defendant provides as an exhibit to the present Motion a sample monthly statement form the same Consumer Financial Protection Bureau bulletin considered by the court in *Brown*. (*See* Sample Form of Periodic Statement with Delinquency Box [ECF No. 31-1]); *Brown*, 2017 WL 1157253, at *2. While Defendant claims "the statement is nearly verbatim identical in content and form" to the bulletin (Mot. 4), the September 22 communication makes one significant change – it adds a Payment Coupon to the form. (*See* Mortgage Statement). Plaintiff argues the Payment Coupon, along with the listing of two $36.76 late fees, a total amount due of $108,444.92, and a delinquency notice, make it plausible for "the least sophisticated consumer [to] believe this was an attempt to collect a debt." (Resp. 3, 5 (alteration added)); *see also*

*LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (holding a communication to collect a debt should be viewed from the lens of the least sophisticated consumer, not the offending party's intent).

The fact periodic account statements are required under the TILA is not dispositive of whether Defendant's activity is related to debt collection. Consequently, there remains a factual dispute as to whether the September 22 communication from Carrington also constituted activity "in connection with the collection of any debt." 15 U.S.C. § 1692e.

### 3. Activity Prohibited by the FDCPA

While the parties do not explicitly recognize a factual dispute in the briefing, there are remaining genuine issues of material fact. The parties present competing versions of the facts as they relate to interpretation of Plaintiff's promissory note.

As described, Count I alleges Defendant sought to recover late fees despite lacking the legal basis to do so, in violation of 15 U.S.C. section 1692e(2)(A). Plaintiff further alleges Defendant used false and deceptive means to collect a debt, in violation of section 1692e(10). The allegations hinge on whether the attempt to collect a debt was a false representation of the "character, amount or legal status" of the debt. *Id.* § 1692e(2)(A).

The parties disagree whether the promissory note allows Defendant to generate and collect late fees after acceleration. Plaintiff interprets the promissory note as preventing Defendant from charging or collecting late fees after acceleration of the loan, regardless of whether it is in the context of reinstatement. (*See* Resp. 3–4). Defendant construes the note as permitting post-acceleration fees be charged and collected for purposes of reinstatement, stating "[a]cceleration is ignored for purposes of this calculation." (Mot. 7 (alteration added)).

This difference in interpretation is a genuine issue of material fact. Interpretation of the promissory note's language calls into question the accuracy of the amount of fees and total debt owed by Plaintiff for purposes of reinstatement, which impacts whether the September 22 communication was a false representation of the amount owed. This issue is not adequately briefed.

Similar issues of material fact prevent entry of summary judgment on the second count, in which Plaintiff alleges Defendant sought to collect fees it was not expressly authorized by contract or law to collect, in violation of 15 U.S.C. section 1692f(1). If the promissory note is interpreted as giving Defendant the contractual right to collect late fees after acceleration, the attempt to collect would not violate the FDCPA. *See Patel v. Seterus, Inc.*, 14-cv-1585-Orl-41GJK, 2015 WL 13547010, at*4 (M.D. Fla. Jun. 19, 2015) (finding the defendant had a legal right to include late fees in monthly mortgage statements without violating the FDCPA). But the parties disagree whether the promissory note expressly authorizes Defendant to charge and collect late fees after the loan's acceleration, even if only for purposes of reinstatement. Furthermore, if Defendant did not have the right to charge the fees in question, the "amount owed" in the communication may have exceeded what Defendant was permitted by law to collect.

In sum, a review of the briefing and record reveals genuine issues of material fact foreclosing entry of summary judgment. Accordingly, it is

**ORDERED AND ADJUDGED** that the Renewed Motion for Summary Judgment **[ECF No. 31]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida this 29th day of September, 2017.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record